UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

QUENTIN Y. WASHINGTON

    Applicant,

v.                                                CASE NO. 8:16-cv-595-T-23AAS

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

Quentin Y. Washington applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges his conviction for burglary, for which conviction Washington is imprisoned for twenty-five years. The respondent argues (Doc. 10) that the application is time-barred. Washington asserts that (1) his application is timely and (2) if the application is not timely, he is entitled to equitable tolling. (Doc. 24, p. 6)

Under the Anti-Terrorism and Effective Death Penalty Act, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time

during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Washington's conviction became final on November 8, 2012.[1] On that same day, Washington moved to mitigate his sentence under Rule 3.800(c), Florida Rules of Criminal Procedure, which motion tolls the one-year federal limitation. *Rogers v. Sec'y, Dep't of Corr.*, 855 F.3d 1274, 1275 (11th Cir. 2017) ("Because a Rule 3.800(c) motion is an application for such judicial reexamination, we hold that Rogers's motion tolled the time in which he could petition for federal habeas relief."). Because he filed his Rule 3.800(c) motion on the same day that his conviction became final, the limitation did not start until November 27, 2012, when the state court denied the Rule 3.800(c) motion.

Washington allowed 335 days to elapse after that proceeding concluded before he petitioned the state appellate court for the writ of habeas corpus on October 29, 2013. Tolling continued until March 13, 2014, when the state appellate court denied Washington's motion for rehearing on the denial of his state habeas petition. Washington had 30 days remaining (365 − 335 = 30) — until April 14, 2014[2] — to

---

[1] Washington's direct appeal concluded on August 10, 2012. The conviction became final after ninety days, which is the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(D)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347 (11th Cir. 2002).

[2] Because the deadline was on a Saturday, under Rule 6(a)(1)(C), Federal Rules of Civil Procedure, the deadline is extended to "the next day that is not a Saturday, Sunday, or legal holiday." April 14, 2014, was the next Monday.

file his federal application. Washington filed no tolling motion during the 30 days remaining in the limitation.[3] Consequently, Washington's federal application filed on March 9, 2016, is untimely.

Washington argues entitlement to equitable tolling based on his temporary separation from his legal papers between February 5, 2013, and April 24, 2013, during his transportation and confinement at other institutions while awaiting a court appearance in an unrelated case. (Doc. 24, pp. 6–7) "When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the [application] if the [applicant] establishes that he is entitled to equitable tolling." *Damren v. Fla.*, 776 F.3d 816, 821 (11th Cir. 2015). "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. State of Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)). To warrant equitable tolling an applicant must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To satisfy the "extraordinary circumstance" requirement an applicant "must show a causal connection between the alleged extraordinary circumstance[] and the late filing of the [application]." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) *cert. denied*, 132 S. Ct. 158 (2011).

---

[3] Washington's April 18, 2014, Rule 3.850 motion for post-conviction relief had no tolling effect because the limitation had expired four days earlier.

"[T]he reasonable diligence and extraordinary circumstance requirements are not blended factors; they are separate elements, both of which must be met before there can be any equitable tolling." *Cadet*, 853 F.3d at 1225 (citing *Menominee Indian Tribe of Wisc. v. United States*, 136 S. Ct. 750, 757 n.5 (2016)). The failure to meet either requirement precludes equitable tolling. Washington bears the burden of establishing entitlement to this extraordinary remedy. *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014).

Washington's separation from his legal papers is not an extraordinary circumstance.[4] *Mendoza v. Att'y Gen. of Fla.*, 2017 WL 6403505 at *4 (11th Cir. 2017). *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007),[5] *cert denied*, 555 U.S. 1086 (2008), explains:

> In *Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000), the movant argued for equitable tolling because (1) he was subjected to lockdowns in jail for several months, during which he could not access the law library, and (2) prison officials misplaced his legal papers for a period of time. After noting the movant had ample time to file his motion when these impediments did not exist, we declined to apply equitable tolling. *Id*. at 1090 (evaluating a § 2255 habeas motion). In *Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004), the movant argued for equitable tolling because he was transferred to a different facility and detained there for over ten months without access to his legal papers. We stated "*Akins* suggests

---

[4] Washington states that he "was transferred to what was to be his permanent institution (Mayo Correctional Institution) [on] April 24, 2013, well after [the] [f]ederal [h]abeas time commenced . . . showing [he] arrived without relevant legal materials to file a tolling motion." (Doc. 24, p. 7) Washington offers no explanation for the six-month delay between his return to his permanent institution on April 24, 2013, and the filing of his first state habeas petition on October 29, 2013.

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

> that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Id*. at 1283. In *Dodd*, the movant never claimed his detention was unconstitutional, inappropriate, or outside of routine practice, and we found that the circumstances were not extraordinary. *Id*. (evaluating a § 2255 habeas motion).
>
> Paulcin's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances. Paulcin failed to allege specifically or present evidence that his detention in county jail, due to pending criminal charges, was extraordinary or anything other than routine. Additionally, in the district court, Paulcin asserted only the conclusory allegation that he was denied access to the library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding. [. . .] This fact belies the allegation that he was prevented from pursing legal redress during his time at the Santa Rosa County Jail. Because Paulcin failed to establish extraordinary circumstances, the district court did not err in not applying equitable tolling and dismissing his petition as time-barred.

Washington's failure to demonstrate an extraordinary circumstance precludes application of equitable tolling. *Cadet*, 853 F.3d at 1225.

Accordingly, Washington's's application for the writ of habeas corpus (Doc. 1) is **DISMISSED AS TIME-BARRED**. The clerk must enter a judgment against Washington and close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Washington is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district

court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Washington must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the application is clearly time-barred, Washington is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Washington must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 28, 2019.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE